UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER,

           Plaintiff,              CIVIL ACTION NO. 07-CV-14376

v.                             DISTRICT JUDGE DAVID LAWSON

DAVE J. BURNETT, and         MAGISTRATE JUDGE DONALD A. SCHEER
PATRICIA L. CARUSO

           Defendants.
_____/


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant prisoner civil rights Complaint should be dismissed, as

Plaintiff has shown no violation of his constitutional rights by an alleged interference with

his right to exercise religious freedom.

*   *   *

      Plaintiff, while incarcerated at the Gus Harrison Correctional Facility (ARF),[1] in

Adrian, Michigan, was allowed to proceed *in forma pauperis* and filed the instant Complaint

against the above named Defendants in the Western District of Michigan, pursuant to

42 U.S.C. § 1983, on April 24, 2007. Patricia Caruso, is the Director of the Michigan

Department of Corrections (MDOC), and Dave Burnett is the Special Activities Coordinator

for the MDOC. The case was transferred to the Eastern District of Michigan on October 15,

2007.

---

      [1]Plaintiff is currently incarcerated at the Parnall Correctional Facility, 1780 East
Parnall, Jackson, Michigan 49201.

Plaintiff asserts that he is an observant Jew, who wishes to celebrate the Passover holiday with a festive meal. Plaintiff alleged that in both 2005 and 2006, MDOC food services failed to provide him and other Jewish inmates at ARF with all the food items and religiously symbolic utensils required to celebrate the Passover Seder[2]. Even though some of the requisite symbolic foods for the Seder was provided, Plaintiff claimed that he was not given a "complete" Passover meal. Maintaining that his First Amendment right to religious worship had been violated, Plaintiff sought injunctive relief and compensatory damages.

Defendant Caruso filed a Motion to Dismiss on October 15, 2007, declaring that she was a named defendant, along with eleven other MDOC employees, in a prior § 1983 action brought by Plaintiff alleging, inter alia, the denial of a complete Passover meal at ARF in 2005. (See Copenhaver v. James, et. al., 06-cv-11111, assigned to Judge Gadola). Asserting that Plaintiff was engaging in improper judge shopping, Defendant Caruso argued that the instant action should be dismissed, with prejudice, under the first to file rule[3].

Plaintiff filed a response to the Motion to Dismiss on December 17, 2007, essentially reiterating the allegations in his Complaint. Plaintiff acknowledged that he has a pending prior action before this Court alleging, inter alia, that he had been denied a complete

---

[2]Assistant Deputy Warden Beckwith informed Plaintiff, in a memorandum letter dated March 8, 2006, that he could purchase the following foods and religiously symbolic utensils for the Seder meal from the prison store: grape juice, horseradish, charoset, matzah, parsley, paper goods, the Seder plate, candles, candle holder and prayer books (See Memorandum attached to Complaint at page 23).

[3]Although there is no precise rule that one court should defer to another, the general principle is to avoid duplicative litigation. In re American Medical Systems, Inc., 75 F.3d 1069, 1088 (6th Cir. 1996). Following this principle, a "first to file" rule has developed, permitting a district court to transfer, stay or dismiss a later-filed action when a similar complaint has already been filed in another federal court. Alltrade Inc. v. Uniweld Prods. Inc., 946 F.2d 622, 623 (9th Cir. 1991).

Passover meal in 2005, while he was incarcerated at ARF. Nevertheless. Plaintiff argued that the instant case should not be dismissed because this action included violations of his constitutional rights resulting from the denial of a complete Passover meal in 2006 at ARF.

DISCUSSION

Without regard to whether the case should be dismissed for improper judge shopping, this civil rights action should be dismissed for a number of other reasons. First, any claim for injunctive relief is moot in light of Plaintiff's transfer out of ARF to Parnall Correctional Facility in November 2007. When a Plaintiff is no longer incarcerated in the institution where the alleged violations occurred, injunctive relief is no longer needed and therefore must be denied as moot. See Washington v. James, 782 F.2d 1134, 1137 (2d Cir. 1986) (noting that prisoner cannot maintain Section 1983 action for injunctive relief when he is no longer incarcerated where alleged violations occurred). Plaintiff is no longer incarcerated at ARF, where the alleged improper food formulation in violation of Passover precepts took place. Moreover, Plaintiff acknowledges that complete Passover meals have been provided to Jewish inmates at Parnall in the past (See Complaint ¶19). Accordingly, his claim for injunctive relief must be dismissed as moot.

Second, Plaintiff has failed to allege that either of the named Defendants was personally involved in the claimed violations of his rights. The general rule is that to state a claim for monetary damages under § 1983, a claimant must aver some specific, personal wrongdoing on the part of the individual defendant, and theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976). The two Defendants named here were apparently sued because of their respective positions of authority and administrative responsibilities within the MDOC. However, the mere fact that

a supervisory person is in a position of authority does not allow imposition of liability against him or her. A supervising official's failure to supervise, control or train an offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." Poe v. Hayden, 853 F.2d 418, 429 (6th Cir. 1988).

Here, Plaintiff does not allege that either of the named Defendants was directly involved in the alleged improper food formulation, nor does he allege any facts sufficient to hold the Defendants liable as supervisors. As a result, these Defendants should not be held liable absent allegations that they were personally or directly involved.

To the extent that Plaintiff complains that Director Caruso, or any other Defendant, failed to adequately respond to his grievance, the general rule is that a combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983. Poe v. Hayden, 853 F.2d at 429. Consequently, the claims against the above named Defendants should be dismissed regardless of the constitutional sufficiency of Plaintiff's actual treatment.

Finally, Plaintiff has failed to allege a cognizable First Amendment claim. While the Fourteenth Amendment prohibits a state from making a law prohibiting the free exercise of religion, Cruz v. Beto, 405 U.S. 319, 322 (1972), a prisoner's exercise of constitutional rights can be limited by the fact of incarceration itself and by valid penological objectives, which include deterrence of crime, rehabilitation of prisoners, and institutional security. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Thus, while prisoners retain their First Amendment right to exercise their religious beliefs, this right must be consistent with their status as inmates at a prison facility. Hudson v. Palmer, 468 U.S. 517 (1984).

In <u>Whitney v. Brown</u>, 882 F.2d 1068 (6th Cir. 1989), the Sixth Circuit held that a prison policy that prohibited Jewish inmates from congregating in weekly Sabbath services and for Passover Seder impermissibly infringed on their Free Exercise rights. In so holding, the Sixth Circuit recognized the importance of the Passover Seder and Sabbath services to traditional Jewish religious practice. <u>Id</u>. at 1073, 1076-1077. That decision is factually distinguishable from the instant case. Prison officials at ARF did not prohibit Plaintiff and other Jewish inmates from celebrating the religious holiday with a Passover Seder meal. While Plaintiff may not have been happy that he did not receive a "complete" Seder meal while at ARF, <u>Whitney</u> does not stand for the proposition that prison officials have an affirmative duty to provide all requisite symbolic foods and utensils for every Passover meal. The MDOC attempted to reconcile the needs of Jewish inmates for a complete Seder meal by allowing the purchase of additional food items and utensils through the prison store. The MDOC accommodation of Plaintiff's religious needs is reasonable and constitutionally adequate, and thus, Plaintiff's exercise of his religion has not been substantially burdened.

For all of the foregoing reasons, then, it is recommended that Defendant Caruso's Motion to Dismiss be granted. Even though Defendant Burnett did not join in the dispositive motion, he should also be dismissed for lack of personal involvement. The instant prisoner civil rights Complaint should be dismissed, as Plaintiff has shown no violation of his constitutional rights by an alleged interference with his right to exercise religious freedom.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Lawson's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: December 28, 2007

---

### CERTIFICATE OF SERVICE

I hereby certify on December 28, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 28, 2007. **Joshua Copenhaver.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217