UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER,

    Plaintiff,

vs.

DAVE J. BURNETT and
PATRICIA L. CARUSO,

    Defendants.
_____/

Civil Action No.
07-CV-14376

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING DEFENDANT CARUSO'S MOTION TO DISMISS, AND SUA SPONTE DISMISSING THE COMPLAINT

This matter is presently before the court on defendant Caruso's motion to dismiss [docket entry 5]. Magistrate Judge Donald A. Scheer has submitted a report and recommendation ("R&R") in which he recommends that the motion be granted. Plaintiff has filed objections. Pursuant to Fed. R. Civ. P. 72(b)(3), the court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."

Plaintiff is a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). He alleges that in 2005 and 2006 he was denied "a complete Passover Seder." Complaint ¶¶ 23, 25. While the complaint itself does not indicate what plaintiff means by a "complete" Seder, or which items defendants failed to provide, the answer regarding the 2006 incident is found in a grievance that is attached to the complaint as Appendix J. (The answer regarding the 2005 incident cannot be gleaned from plaintiff's appendices.) Plaintiff complained, at Step I of the grievance process, that on April 18, 2006,

> the Jewish group was scheduled by Chaplain Tompkins to conduct our annual Passover "Seder" observance at 1800 hrs. in the Chapel. Two integral components of the Seder are "Grape Juice, in place of wine" and Matzah. The Chaplain intervened with Food Service indicating that he would provide these items, and food service was previously ordered to provide these items by ADW Beckwith on March 10, 2006. . . . The parties failed to provide Grape Juice and Matzah correctly as ordered.

The "resolution" of the matter plaintiff proposed was "[i]mmediate termination of MDOC funding under Section 504 for violation of RLUIPA, 42 USC § 2000cc; Referral for Department of Justice actions (Criminal) for ethnic and religious intimidation; Damages in excess of $1,000,000.00." The deputy warden's response to this grievance indicated that the prison's food service department was supposed to provide several food items, including grape juice and matzah, for the inmates' Seder, but that the latter two items "were not provided at the beginning of the service. The items were provided after efforts were made by several staff members. Obviously [illegible] an oversight was made, and this will be looked into."

Plaintiff's Step II appeal, which is also included as part of his Appendix J, states:

> Staff acknowledge error was completed, due failure [sic] to provide the necessary items. It was discovered through the investigation that ADW Beckwith had ordered ASFD Murphy and FSD Williams to provide the items required for the Passover Seder. ASFD Lawrence contacted Chaplain Tompkins to implement the orders of ADW Beckwith, yet Chaplain Tompkins indicated that he was providing the items for the Seder, then provided misleading statements and did not provide the items. The items were only provided by intervention of Lt. Hull and FSS Moore on behalf of Murphy. . . .

In his complaint, plaintiff claims defendants (MDOC Director Patricia Caruso and MDOC Special Activities Coordinator Dave Burnett) have violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). For relief plaintiff seeks an injunction "requiring the MDOC to provide a Passover Seder observance

2

for all Jewish prisoners (including the festival meal), exclusive of, the requirement of permitting multiple security levels to come together as it is not necessary for religious worship." *Id.,* pp. 6-7. Plaintiff, who is representing himself, also seeks "an order requiring Defendant[]s to pay the Plaintiff's fees[,] costs, and reasonable attorney expenses." *Id.*, p. 7.

Defendant Caruso seeks dismissal on the grounds that plaintiff filed a similar lawsuit prior to this one, *Copenhaver v. James*, 06-CV-11111 (E.D. Mich.), and that under the "first-to-file rule" plaintiff should be required to proceed with that case only, lest the court be subjected to unauthorized "judge shopping."

In his R&R, the magistrate judge noted the existence of case authority "permitting a district court to transfer, stay or dismiss a later-filed action when a similar complaint has already been filed in another federal court." R&R at 2 n.3. However, the magistrate judge did not make a recommendation as to whether dismissal is appropriate on these grounds. Instead, he recommends dismissal on the following grounds, which were not raised in the motion: (1) plaintiff has been transferred to another prison and therefore his request for injunctive relief is moot, (2) the complaint does not allege that the named defendants were personally involved in violating plaintiff's rights, and (3) plaintiff has not stated a First Amendment claim because he is not entitled to be provided with a complete Seder meal.

While plaintiff alleges that defendants prevented him from having a Seder meal in 2005 and 2006, the 2005 incident is not properly part of this lawsuit. Plaintiff raised the 2005 incident as part of his complaint in *Copenhaver v. James*, 06-11111. *See id.*, docket entry 1 (Complaint), document 1-2, pp. 43-50. Plaintiff acknowledges in his response to defendant's motion to dismiss that the 06-11111 action included a claim regarding the 2005 Seder and that "[t]he 2005

3

claim may be dismissed." Pltf's Response, p. 2. The court also notes that summary judgment was granted for defendants in the 06-11111 matter and that plaintiff's appeal of that judgment was dismissed for lack of prosecution. *See Copenhaver v. James*, 06-11111, docket entries 62, 65. Therefore, even if plaintiff had not offered to withdraw the 2005 incident as part of the instant lawsuit, the judgment in the 06-11111 would be res judicata as to that incident. Accordingly, only the alleged denial of "a complete Passover Seder" in 2006 is at issue in the present case.

It appears that the issue in 2005 was that prison officials would not provide plaintiff with any of the Seder food items. *See Copenhaver v. James*, 06-11111, docket entry 1 (Complaint), document 1-2, pp. 46-47. As this is not the issue regarding the 2006 incident, it does not appear that the "first-to-file rule" applies. The cases cited by defendant indicate that the rule applies where two cases involve "the same parties and the same issues." *E.E.O.C. v. Univ. of Penn.*, 850 F.2d 969, 971 (3rd Cir. 1988). While the issues in the 2005 and 2006 incidents are similar, they certainly are not the same. The court shall therefore deny defendant Caruso's motion to dismiss the complaint on this basis. The court rejects the R&R insofar as it recommends dismissal on these grounds.

Nor may the complaint be dismissed on the grounds of mootness. Plaintiff indicates he has once again been transferred to the Florence Crane Correctional Facility where the 2006 incident occurred. *See* docket entry 12. The court therefore also rejects the R&R insofar as it recommends dismissal on these grounds.

Nonetheless, dismissal of the complaint clearly is appropriate for the other two reasons suggested by the magistrate judge, namely, plaintiff's failure to show that the named defendants were personally involved in the 2006 incident and plaintiff's failure to state a claim. Regarding the first point, there is no *respondeat superior* liability under § 1983. *See Monell v. Dept.*

4

of Soc. Servs. of the City of New York, 436 U.S. 658, 694 n.58 (1978); *Jenkins v. Rock Hill Local Sch. Dist.*, 513 F.3d 580, 589 (6th Cir. 2008). Rather, "proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun County*, 408 F.3d 803, 817 n. 3 (6th Cir.2005). Similarly, under the RLUIPA plaintiff must show that the named defendants personally imposed a substantial burden on his free exercise of religion. *See* 42 U.S.C. §§ 2000cc-1(a), 2000cc-5(4)(A)(iii).

Plaintiff has not alleged, or presented any evidence indicating, that either of the named defendants participated personally in preventing him from celebrating the Seder in 2006. Plaintiff has shown only that he received two letters from defendant Burnett in 2005, in which Burnett acknowledged receiving correspondence from plaintiff and responded by indicating that the items plaintiff needed to observe the Seder were being provided. In one of these letters, Burnett indicated that he was responding to plaintiff at the request of defendant Caruso. Plaintiff has presented nothing to show that either defendant was involved in any way in the 2006 incident. Moreover, in his grievance regarding the 2006 incident plaintiff conceded that he in fact did receive the items which initially were missing, and that the delay in receiving them was caused by the prison chaplain. By plaintiff's own admission, neither of the named defendants had anything whatsoever to do with the fact that grape juice and matzah were not initially provided for the 2006 Seder. For this reason alone, the complaint must be dismissed.

The magistrate judge's other reason for dismissing the complaint is equally persuasive, namely, that plaintiff has failed to state a claim. Even assuming that plaintiff has a constitutional or statutory right to be provided with all of the food items which comprise a Seder meal, he acknowledged in his prison grievance that all such items were, in fact, provided to him.

The sole basis for plaintiff's allegation that he was denied "a complete Passover Seder" is that grape juice and matzah were not provided at the beginning of the Seder, although they were provided once the oversight was called to the attention of the food service. There is, in short, by plaintiff's own admission no substance to his claim and certainly no First Amendment or RLUIPA violation. Accordingly,

IT IS ORDERED that Magistrate Judge Scheer's report and recommendation is accepted in part and rejected in part as indicated above.

IT IS FURTHER ORDERED that defendant Caruso's motion to dismiss is denied.

IT IS FURTHER ORDERED that the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that plaintiff's motion to reinstate injunctive relief [docket entry 11] is denied.

       s/Bernard A. Friedman
       Bernard A. Friedman
       United States District Judge

Dated: July 11, 2008

I hereby certify that a copy of the foregoing document was served upon Joshua Copenhaver and counsel of record on July 11, 2008, by electronic and/or ordinary mail.

       s/Carol Mullins
       Case Manager